UNITED STATES of America, Plaintiff,

v.

**VELSICOL CHEMICAL CORPORATION, Monsanto Company, Terminix[1] International, Inc., William Bell, and Robert Meeks, Defendants.**

No. 86–2862–4B.

United States District Court, W.D. Tennessee, W.D.

Sept. 15, 1987.

Alice Howze, W. Hickman Ewing, U.S. Atty., Memphis, Tenn., Cynthia Huber, Environmental Enforcement Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., Barry P. Allen, Alvin Lenoir, Office of Regional Counsel, U.S.E.P.A., Atlanta, Ga., Charles de Saillan, Office of Enforcement and Compliance Monitoring, U.S.E.P.A., Washington, D.C., for plaintiff.

Theodore L. Garrett, Keith A. Teel, Washington, D.C., R. Gratton Brown, Jr., Memphis, Tenn., for Velsicol Chemical Corp.

---

1. The parties have referred to this defendant as "Terminix" and "Terminex." In order to be consistent, the Court will use the spelling "Terminix" throughout this order.

Leo Bearman, Jr., Memphis, Tenn., for Monsanto Co.

Alan Herman, Lisa Ihns, Atlanta, Ga., for Terminix Intern., Inc.

William L. Bell, Memphis, Tenn., pro se.

Robert L. Meeks, Wilson, N.C., pro se.

## ORDER ON PENDING MOTIONS

McRAE, Senior District Judge.

This is a civil action by the United States against Velsicol Chemical Corporation (hereinafter Velsicol), Terminix International, Inc. (hereinafter Terminix), Monsanto Company (hereinafter Monsanto), William Bell and Robert Meeks arising from the contamination with hazardous substances of the Arlington Blending site and the Galloway Pit site located near Memphis, Tennessee. Plaintiff contends that the defendants Terminix, Velsicol and Monsanto, contracted, agreed or otherwise arranged for disposal or treatment, or arranged with a transportation for transport for disposal or treatment, of hazardous substances owned or possessed by the defendants at the Arlington Blending and Galloway Pit sites. Specifically, the plaintiff alleges that the defendants arranged for Arlington Blending to formulate and package pesticides containing hazardous substances. Plaintiff further alleges that the generation of wastes containing hazardous substances was an incident of the formulation and packaging processes.

This action is brought by the United States pursuant to the Comprehensive Environmental Response Compensation and Liability Act, as amended by the Superfund Amendments and Reauthorization Act of 1986 (hereinafter referred to as CERCLA), 42 U.S.C. §§ 9604 and 9607(a) for reimbursement of investigative, enforcement and other "response costs" incurred and to be incurred by the United States in response to the release or threat of release of hazardous substances into the environment at Arlington Blending and Galloway Pit sites. According to the plaintiff, the Environmental Protection Agency (EPA) has expended $1,024,739.40 on the response ac-

tions at the Arlington Blending and Galloway Pit sites.

Presently before the Court are several motions. Terminix and Velsicol filed Motions to Dismiss and Monsanto filed a Motion for Summary Judgment. Defendants Bell and Meeks do not have pending motions. The plaintiff has filed its consolidated response to the motions of Velsicol, Terminix and Monsanto.

### *Monsanto's Motion for Summary Judgment*

■ Monsanto seeks summary judgment on the basis that there is no genuine issue of material fact. In support of its motion, the defendant filed an affidavit from L.A. Furrer, Quality Director for Monsanto, in which Furrer states that the products sent by Monsanto to Arlington Blending did not contain any chemicals designated as hazardous.

Plaintiff seeks to have Monsanto's motion denied pursuant to Federal Rule of Civil Procedure 56(f) that provides, in part, as follows:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the Court may refuse the application for [summary] judgment.

The United States filed its complaint on November 3, 1986. The defendants Velsicol, Terminix and Monsanto, were granted extensions of time until February 27, 1987, in which to respond to the complaint. They responded by filing motions for dismissal and summary judgment.

The plaintiff states, through the affidavit of Robert D. Brook, Attorney with the Environmental Enforcement Section, Land and Natural Resources Division, United States Department of Justice, that no discovery was conducted between November 3, 1986, and February 27, 1987, because the United States was waiting to be made aware of the defendants' positions. According to Brook, the United States has not had the opportunity to conduct the necessary discovery to rebut Monsanto's motion

because of the need to respond to the other defendants' Motions to Dismiss.

Insufficient time or opportunity to engage in discovery is one of the most common reasons offered under Rule 56(f) for being unable to present specific facts in opposition to a summary judgment motion. C. Wright & A. Miller, *Federal Practice and Procedure: Civil* 2d § 2471 at 541 (1983).

The Court is of the opinion that plaintiff has adequately presented its reasons for not being able to oppose Monsanto's Motion for Summary Judgment. Plaintiff has not conducted discovery and cannot present specific facts to oppose Monsanto's motion; therefore, Monsanto's motion is denied without prejudice to the right to refile at a later date, *Id.* at 535–36, and Monsanto is ordered to file its answer within twenty (20) days from the docketing of this order.

### Motions to Dismiss filed by Terminix and Velsicol

■ Terminix and Velsicol seek dismissal on the grounds that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Fed.R.Civ.P.* 12(b)(6). A dismissal pursuant to Rule 12(b)(6) can only be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

The United States has alleged that Velsicol and Terminix are liable under section 107(a) of CERCLA for costs incurred and to be incurred for response actions and related activities in connection with the clean-up of Arlington Blending and Galloway Pit sites. Plaintiff further alleges that Velsicol and Terminix contracted, agreed or otherwise arranged for the formulation of pesticides and the disposal or treatment of hazardous substances by Arlington Blending. The EPA allegedly discovered that the Arlington Blending and Galloway sites were contaminated with chemicals that were used in pesticides mixed for Terminix and Velsicol.

Velsicol and Terminix contend that they did not arrange for the disposal of hazardous substances at Arlington Blending or Galloway Pit sites. They contend that they merely supplied active pesticide ingredients to Arlington Blending who subsequently disposed of chemicals at the Galloway Pit site.

Plaintiff contends that based on the course of dealings between the defendants and Arlington Blending and the defendants' knowledge of industry-wide pesticide formulation practices, Velsicol and Terminix knew that there would be losses of pesticide through spills or leaks and that wastes would be generated through the formulation process. Plaintiff further contends that the business relationship between defendants and Arlington Blending constituted arrangements for disposal of hazardous substances. In the complaint, plaintiff states that Velsicol and Terminix arranged for Arlington Blending to formulate and package products containing aldrin, chlordane, dieldrin, lindane, endrin, heptachlor and methyl parathion. These chemicals are designated as hazardous substances. See, 42 U.S.C. § 9601(14) (referring to the Clean Water Act, 33 U.S.C. § 1321(b)(2)(A) and 40 C.F.R. 116.4, table 116.4A).

If Velsicol and Terminix have generated hazardous substances within the meaning of CERCLA, they fall within the purview of 42 U.S.C. § 9607(a)(3), (a)(4)(A) that provides as follows:

> Any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances ... shall be liable for all costs of removal or remedial action incurred by the United States Government.

Title 42 U.S.C. § 9601(29) incorporates 42 U.S.C. § 6903 to develop the definition for disposal in CERCLA as follows:

the discharge, deposit, injection, dumping, spilling, leaking or placing of any solid waste or hazardous waste into or on any land or water so that such ... waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters....

The court in *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 240 (W.D.Mo.1985), noted that the "definition of disposal is not by its terms limited to transactions in which the site owner or operator is paid to effect disposal."

This Court is of the opinion that plaintiff's complaint contains allegations that Velsicol and Terminix arranged with Arlington Blending for disposal of hazardous substances; therefore, plaintiff's complaint states a claim which, if proved, entitles the United States to relief. The Motions to Dismiss by Velsicol and Terminix are denied.

### Summary

The Motions to Dismiss filed by Terminix and Velsicol are denied, and Monsanto's Motion for Summary Judgment is likewise denied.

IT IS SO ORDERED.