ABLE CORPORATION, a California Corporation, Plaintiff—Appellant,

v.

LIBERTY MUTUAL CORPORATION, a Vermont Corporation esa Liberty Mutual Insurance Group, Defendant—Appellee.

No. 00–56735.

D.C. No. CV–99–01322–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2002.*

Decided March 13, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ARCHER,** O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM***

Able Corporation appeals the district court's denial of Able's motion for partial summary judgment regarding Liberty Insurance Corporation's duty to defend, and entry of judgment in favor of Liberty. The issue is whether the district court erred in applying California law when it held that Liberty had no duty to defend

Able under the "advertising injury" provision of Able's comprehensive general liability insurance policy. Although denial of a motion for summary judgment is generally not a final order and therefore not appealable, we have jurisdiction because the denial disposed of all issues before the district court and the record has been sufficiently developed to support meaningful review of the denied motion. *See Jones–Hamilton Co. v. Beazer Materials & Servs.*, 973 F.2d 688, 693–94 & n. 2 (9th Cir.1992). We review a district court's decisions regarding summary judgment de novo, *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000), and affirm.

Because the parties are familiar with the facts, we will not recite them except as necessary.

First, Able argues that the district court incorrectly stated California duty to defend law and applied a test more akin to actual, rather than potential, coverage. We disagree. The district court carefully focused on the allegations of the underlying complaint and based its ruling on the fact that the alleged misappropriation bore no causal connection to any advertising injury. This is precisely the analysis California law requires. *See Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 300, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993) (determine duty to defend by comparing the facts and allegations in the complaint to the terms of the policy).

■ Second, Able argues that the court incorrectly recited the elements of "advertising injury," placing undue emphasis on the causation required for an advertising injury claim by separately enumerating causation as a fourth requirement, rather

---

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

than as implicit in the third "arises out of" prong. *See N.H. Ins. Co. v. R.L. Chaides Constr. Co.,* 847 F.Supp. 1452, 1457 (N.D.Cal.1994). However, a causal connection between the advertising activity and the injury is clearly required, whether it comes from the third prong or not. *See Peerless Lighting Corp. v. Am. Motorists Ins. Co.,* 82 Cal.App.4th 995, 1009, 98 Cal. Rptr.2d 753 (2000) (in California, the third prong of the advertising injury elements requires that an "advertising activity" must have in some sense caused the advertising injury). Thus, by focusing on the lack of causal connection between SFI's injury and Able's advertising, the court did not misapply California advertising injury law.

■ Third, Able argues that the district court erred in finding that SFI did not allege "misappropriation of advertising ideas or style of doing business." However, the gravamen of the underlying complaint is that Able misappropriated the design, development, and manufacture of SFI's products. These allegations do not comprise an advertising injury under the Liberty policy. *See Arnette Optic Illusions, Inc. v. ITT Hartford Group, Inc.,* 43 F.Supp.2d 1088, 1101–02 (C.D.Cal.1998) (where alleged misappropriation occurs strictly in design, development, manufacture, or production, an insurer has no duty to defend under an advertising injury provision). The allegation referring to Able's promotional brochure, in context, was not that the *brochure itself* was copied, but that the *design of the product* therein was wrongfully used. This is not sufficient to create a duty to defend for advertising injury. *See, e.g., Simply Fresh Fruit, Inc. v. Continental Ins. Co.,* 94 F.3d 1219, 1223 (9th Cir.1996) (under a CGL policy, "the *advertising activities* must cause the injury—not merely expose it.").

■ Finally, Able argues that the court erred in holding that SFI's damages did not "arise out of" Able's advertising activity. We disagree. The allegations of SFI's complaint do not show a sufficient causal connection between the promotional brochure and the alleged injuries. Although the allegedly infringing product was advertised, SFI alleged neither that its trade secrets were disclosed in the advertisement nor that the advertisement itself caused harm other than resulting in a sale of the product to SFI's customers. This is insufficient to require Liberty to defend. *See Mez Indus. v. Pac. Nat'l. Ins. Co.,* 76 Cal.App.4th 856, 865–66, 90 Cal.Rptr.2d 721 (1999) (no duty to defend where third party complainant alleges injury based on the sale of a product rather than on the advertisement itself).

AFFIRMED.