MEMORANDUM **
Following cross-motions for summary-judgment, the district court held that Plaintiff David Linder’s mental impairment did not substantially limit his ability to perform the major life activities of thinking and concentrating and granted summary judgment in favor of Defendant John Potter. We reverse on this narrow issue.
As part of his Rehabilitation Act claim, Linder must show that he suffers a physical or mental impairment that substantially limits his ability to perform major life activities. Gribben v. United Parcel Serv., Inc., 528 F.3d 1166, 1169 (9th Cir.2008). We disagree with the district court’s ruling that Linder failed to present a triable issue on whether his limitations were substantial.
First, the court should not have required Linder to present “ ‘more persuasive evidence than otherwise would be necessary to show there is a genuine issue for trial.’ ” (ER Tab 93, at 13 (quoting Wong v. Regents of the Univ. of Cal., 410 F.3d 1052 (9th Cir.2005)).) Wong’s heightened standard applies only when the record as a whole renders the plaintiffs disability claim implausible. See Gribben, 528 F.3d at 1170 n. 2. Unlike the plaintiff in Wong, Linder has not achieved unusual success in spite of his impairment. See Wong, 410 F.3d at 1065-66. Nothing about Linder’s case “makes a disability finding implausible and necessitates a higher evidentiary burden.” See Gribben, 528 F.3d at 1170 n. 2.
Second, Linder provided sufficient evidence of substantiality of impairment to survive a summary judgment motion. Linder’s doctor, Dr. Smith, noted that Linder suffered from intrusive flashbacks and an inability to solve workplace problems. Dr. Smith rated the severity of Linder’s symptoms of “recurrent recollection” and “reliving trauma” a 10/10 and 8/10 respectively on the pertinent diagnostic scale. Further, Linder told a different doctor that difficulties at work preoccupied him and interfered with his conscious thought about three to five times a day, causing “angry and depressive ruminations that would last around fifteen to twenty minutes.”
This evidence, in the context of Linder’s other medical evidence and his own statements concerning the effect of his limitations, create a genuine issue of material fact as to whether his limitations are substantial.
We decline to exercise our discretionary review of the district court’s denial of plaintiffs motion for partial summary judgment and therefore do not reach any of the other issues raised in plaintiffs brief on appeal. See Carey v. Nevada Gaming Control Bd., 279 F.3d 873, 877 n. 1 (9th Cir.2002) (citing Jones-Hamilton Co. v. Beazer Materials and Serv., 973 F.2d 688, 693-694 n. 2 (9th Cir.1992)).
Accordingly, the judgment of the district court is REVERSED. We REMAND for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.