**Gregory TABAREZ, Plaintiff–Appellee,**

v.

**Diana BUTLER; Mike Bunnell; David R. Rios; Oliver Acuna; Alan Baber; Reardon; Rendon, Defendants–Appellants,**

**and**

**Max S. Lemon, Defendant.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

**Gregory Tabarez, Plaintiff–Appellee,**

v.

**Max S. Lemon, Defendant–Appellant,**

and

**Diana Butler; Mike Bunnell; David R. Rios; Oliver Acuna; Alan Baber; Reardon; Rendon, Defendants.**

Nos. 08–15816, 08–15819.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2009.

Submitted May 15, 2009.*

Filed July 9, 2009.

Maureen E. Laflin, University of Idaho, College of Law, Moscow, ID, for Plaintiff–Appellee.

Debbie Vorous, Deputy Attorney General, AGCA–Office of the California Attorney General (SAC), Sacramento, CA, for Defendants–Appellants.

Jordan S. Stanzler, Esquire, Senior Litigation, Stanzler Funderburk and Castellon, LLP, Palo Alto, CA, for Defendant.

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and MARSHALL,** District Judge.

MEMORANDUM ***

In these related appeals, Appellants Oliver Acuna, Alan Baber, Mike Bunnell, Val

---

* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

** The panel unanimously finds Case No. 08–15819 suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provid-

Rendon, David Rios, and Max Lemon seek review of the district court's order denying their motions for summary judgment and contend that they are all entitled to qualified immunity on Appellee Gregory Tabarez's Eighth Amendment claim. We lack jurisdiction to review the appeals, and we therefore dismiss them.

Ordinarily, a denial of a motion for summary judgment is not a final order, and is therefore not appealable. *Jones–Hamilton Co. v. Beazer Materials & Servs.,* 973 F.2d 688, 693–694 (9th Cir.1992). However, under the collateral-order doctrine, this Court has jurisdiction to hear an appeal from a denial of summary judgment on the basis of qualified immunity when the question on appeal involves a matter of law. *Collins v. Jordan,* 110 F.3d 1363, 1370 (9th Cir.1997) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). In *Mitchell,* the Supreme Court emphasized that "the appealable issue is a purely legal one: whether the facts alleged ... support a claim of violation of clearly established law." *Mitchell,* 472 U.S. at 528 n. 9, 105 S.Ct. 2806. However, when the district court denies qualified immunity due to material facts that are in dispute, the Court generally lacks jurisdiction to consider the appeal:

> Specifically, if the appellant argues that, contrary to the district court's assertions, an examination of the record reveals that there is no dispute as to the facts, or that there is not sufficient evidence in the record to create such a dispute, [the Court] must dismiss for lack of jurisdiction.

*Collins,* 110 F.3d at 1370 (citing *Johnson v. Jones,* 515 U.S. 304, 313–14, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Armendariz v. Penman,* 75 F.3d 1311, 1317 (9th Cir. 1996) (en banc)).

Although all of the appeals fail for lack of jurisdiction, the jurisdictional inquiry regarding Rios's appeal is distinct from the inquiry regarding the other Appellants' appeals, and is therefore considered separately.

### Rios's Appeal

■ With respect to Rios, the magistrate judge recommended granting Rios summary judgment on the merits because there were no genuine issues of material fact upon which a jury could find in Tabarez's favor. As a result, the magistrate did not reach the defense of qualified immunity with respect to Tabarez's claim against Rios. Upon review, the district court concluded that there were disputed issues of fact concerning Rios that precluded granting summary judgment on his behalf. A plain reading of the district court's order suggests that the district court likewise did not consider Rios's qualified immunity defense. Therefore, Rios's appeal is an interlocutory appeal of a denial of summary judgment, and we lack jurisdiction to consider it.

### Acuna, Baber, Bunnell, Lemon, and Rendon's Appeals

■ Acuna, Baber, Bunnell, Lemon, and Rendon challenge the district court's determination that genuine issues of material fact remain for trial. Specifically, these Appellants argue that they are entitled to qualified immunity on Tabarez's Eighth Amendment claim for two reasons. First, they contend that there is no genuine dispute as to the facts. Second, they contend that Tabarez failed to introduce sufficient evidence to create any triable issues. Whether and to what extent the facts establish the immunity defense raises issues regarding the sufficiency of the evidence and does not involve an appealable issue of

law. Accordingly, we must dismiss for lack of jurisdiction.

**DISMISSED.**