NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS JOHNSON,

Plaintiff-Appellant,

v.

WYNDHAM VACATION OWNERSHIP INC,

Defendant-Appellee.

No. 17-35186

D.C. No. 2:15-cv-00766-RSL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Douglas Johnson appeals pro se from the district court's judgment

dismissing as a discovery sanction his action alleging federal claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion, *Valley*

*Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998), and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court did not abuse its discretion by dismissing Johnson's action as a discovery sanction after first imposing a less drastic sanction and warning that noncompliance with discovery orders would result in dismissal. *See id.* (setting forth factors to be considered before dismissing under Fed. R. Civ. P. 37(b)).

The district court did not abuse its discretion by denying Johnson's request to appoint new counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and the "exceptional circumstances" requirement).

We decline to exercise our discretion to review the denial of Johnson's motion for summary judgment on his ERISA claim. *See Jones-Hamilton Co. v. Beazer Materials & Servs, Inc.*, 973 F.2d 688, 694 n.2 (9th Cir. 1992) (explaining exception under which the court may exercise its discretion to review a denial of summary judgment, which ordinarily is not appealable).

We reject as without merit Johnson's contentions that the district court sabotaged or retaliated against him by, among other things, imposing a monetary sanction, or erred by failing to conduct a hearing on his former counsel's motion to withdraw.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or documents and facts not presented to the district court. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*,

921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**