**David DAVIDIAN; Audrey R. Davidian, Plaintiffs–Appellants,**

v.

**SOUTHERN CALIFORNIA MEAT CUT-TERS UNION AND FOOD EMPLOY-EES BENEFIT FUND, Defendant–Appellee.**

No. 87–5790.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1987.

Decided Oct. 18, 1988.

Edward C. Railey and Kenneth P. Roberts, Kenneth P. Roberts, Woodland Hills, Cal., for plaintiffs-appellants.

Nanette B. Zamost, McLaughlin and Irvin, Los Angeles, Cal., for defendant-appellee.

Before BROWNING, HUG and REINHARDT, Circuit Judges.

JAMES R. BROWNING, Circuit Judge:

Appellant Davidian is a beneficiary of defendant Employees Benefit Fund. He seeks recovery of certain benefits denied him, claiming a Fund employee misled him as to the limitations of a health insurance plan. We affirm summary judgment for the Fund.

I

Davidian was preparing to retire. The Fund gave him the option of continuing to participate and a choice of three benefits programs. A Fund employee allegedly de-

scribed the third benefit program as paying "approximately 80%" of major medical expenses, and as similar to Davidian's prior coverage, but did not mention that, unlike Davidian's prior coverage, reimbursement of major medical expenses under the new plan was capped at $20,000. Davidian alleges that had he known of the cap, he would have sought other health coverage. Davidian underwent heart surgery, and the Fund declined to pay his medical expenses in excess of $20,000. Davidian filed suit in Los Angeles County Superior Court. The fund removed the action to federal court.

The district court granted summary judgment, holding (1) Davidian's state law claims for bad faith, fraud, deceit, and breach of fiduciary duties were preempted by the Employee Retirement Income Security Act (ERISA) § 514(a), 29 U.S.C. § 1144(a); and (2) ERISA forbids recovery against a Fund based upon estoppel.

## II

Davidian challenges the preemption finding as to his claims for bad faith, fraud, deceit and breach of fiduciary duty. Section 514(a), 29 U.S.C. § 1144(a), provides that ERISA preempts, with stated exceptions not applicable here, "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." This provision is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (internal quotation omitted).

In *Pilot*, the Court held fraud and bad faith claims based on the improper processing of a benefits claim were preempted. A companion case held common-law tort and contract claims, challenging an insurer's refusal to find an employee disabled, were preempted. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Davidian's claims relate no less to the administration of an employee benefit plan than those at issue in *Pilot* and *Taylor*, and are therefore preempted.

Davidian contends that claims for future benefits, as distinguished from past benefits, are not preempted. There is no reason for such a distinction based on the purposes of the preemption provisions of the Act. The potential for conflicting and inconsistent state and local regulation of employee benefit plans is as real whether past or future benefits are involved. Davidian relies upon *Scott v. Gulf Oil Corp,* 754 F.2d 1499 (9th Cir.1985), but the claim in that case, that defendants had wrongfully prevented an employee benefit plan from coming into existence, had nothing to do with the administration of an existing employee benefit plan. *Id.* at 1505–06.

## III

In *Thurber v. Western Conf. of Teamsters Pens. Plan*, 542 F.2d 1106 (9th Cir. 1976) (per curiam), this court held that a benefit plan could not be equitably estopped from denying benefits if payment would be inconsistent with the written plan. The *Thurber* benefits plan required fifteen years of "unbroken service" for retirement. Thurber suffered a break in service. The plan administrator advised him that he could "heal" the break by paying contributions retroactively, which he did. Thurber's claim for benefits was subsequently denied because he did not meet the plan's written requirement for unbroken service.

The court held federal labor law did not allow recovery on the basis of estoppel in the face of contrary, written plan provisions. The court relied on § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5), which prohibits payments to employee representatives (including union-appointed benefit fund trustees) *unless:* (1) the contributions are made "for the sole and exclusive benefit of the employees of [the] employer, and their families and dependents," and (2) "the detailed basis on which such payments are to be made is specified in a written agreement with the employer."

*Thurber* adopted the analysis stated in *Moglia v. Geoghegan*, 403 F.2d 110, 117 (2d Cir.1968):

The statutory requirement of a written agreement is not a minor technicality which may be dispensed with when, there being no written agreement, the acts of one party may be said to estop him from defending on that ground. A written agreement is necessary before payments may be made under the section. As compelling and as appealing as appellant's case is, the structure of the section and the Congressional intent underlying the section preclude any judicial inroads into its rigid, specific requirements.

542 F.2d at 1109.

*Thurber* pointed out that payment would have been illegal because contrary to the provisions of the written agreement, and because it would represent a "diversion of contributions made on behalf of covered employees outside the terms of the trust," thus violating the LMRA's "sole and exclusive benefit" requirement. *Id.* "The rights of other pensioners must be considered, and the trust fund may not be deflated because of the misrepresentation or misconduct of the Administrator of the fund." *Id.*

In *Aitken v. IP & GCU–Employer Ret. Fund,* 604 F.2d 1261, 1266–69 (9th Cir. 1979) (Kennedy, J.), we reaffirmed *Thurber* and declined to read it narrowly. Aitken was an employer who sought benefits because the fund had accepted his contributions without objection. The fund refused to pay because it interpreted the written plan agreement to allow payment of benefits only to employees. The court found some of *Thurber's* concerns inapplicable, but nonetheless held the requirement that payments be made only in accordance with the written plan agreement dispositive of Aitken's estoppel claim. 604 F.2d at 1267–68.

██ ERISA did not change the law. ERISA, like the LMRA, requires that benefit plans "be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). In *Moore v. Provident Life & Acc. Ins. Co.,* 786 F.2d 922, 928 (9th Cir.1986), decided after ERISA, we applied a no-estoppel rule in a suit for employees benefits against a jointly-sponsored trust fund. There are no contrary holdings in this circuit.[1]

Davidian relies upon *Ellenburg v. Brockway, Inc.,* 763 F.2d 1091, 1096 (9th Cir. 1985), and *Dockray v. Phelps Dodge Corp,* 801 F.2d 1149, 1155 (9th Cir.1986).[2] *Ellenburg* and *Dockray* are distinguishable. Neither case involved a suit against a trust fund. This distinction is critical, as our holding in *Aitken* made clear. While we rejected an estoppel claim against the fund, we vacated summary judgments against the individual trustees and plan administrator for breach of fiduciary duty, suggesting that such liability might exist under state or federal law. 604 F.2d at 1269–70. *Thurber* also recognized the possibility of individual estoppel recovery against the administrators and other trustees, though not against the fund. *See* 542 F.2d at 1109 nn. 4 & 5. One basis for such a distinction is clear: recovery against individual fiduciaries would not directly diminish the fund.[3]

## IV

Davidian argues the Fund's denial of benefits was arbitrary and capricious because investigation of the Fund employee's misleading remarks was inadequate. This

1. We rejected estoppel recovery against a fund in *Rehmar v. Smith,* 555 F.2d 1362, 1369 (9th Cir.1976); and *Gordon v. ILWU–PMA Benefit Funds,* 616 F.2d 433, 439 (9th Cir.1980), because of insufficient facts without discussing whether such recovery could be allowed as a matter of law.

2. Davidian relies on *Hoffa v. Fitzsimmons,* 673 F.2d 1345 (D.C.Cir.1982), and *Rosen v. Hotel & Restaurant Employees,* 637 F.2d 592 (3d Cir. 1981), to support the view that a trust fund may be estopped. Those cases cannot control in the face of contrary authority from this circuit.

3. It has been suggested our *Thurber* and *Aitken* opinions are not clear as to whether estoppel recovery against a fund is always barred or barred only when recovery would require payment in violation of law (*i.e.,* when contrary to written plan provisions). *See Cann v. Carpenters Pens. Trust,* 662 F.Supp. 501, 505–08 (C.D. Cal.1987). The ambiguity is irrelevant here since the payment Davidian sought *would* have been contrary to the written agreement.

claim need not be addressed. Recovery from the Fund would be barred by the *Thurber* rule even if the trustees had made *no* investigation.

AFFIRMED.