105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelton R. THOMAS, Plaintiff-Appellant,
v.
Samuel LEWIS, Director of Arizona Department of Corrections;
Roger Crist, Regional Warden; J.C. Keeney; David Cluff,
Deputy Warden Czerniak; Mr. Badgett; Major Coonts; Lt.
Wright; Sgt. Woods; Denise Andre, William Haro, Brian
Beaver, Defendants-Appellees.
 No. 95-16026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shelton Thomas, an Arizona state prisoner, appeals pro se the district court's denial of his "motion for preliminary injunction and temporary restraining order" which was filed in his 42 U.S.C. § 1983 action. Thomas sought injunctive relief because the prison officials allegedly denied him meaningful access to the courts by (1) temporarily confiscating the legal documents he submitted for copying, and (2) expelling him from the law library. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.[1]
 
 
 3
 We review the grant or denial of a preliminary injunction for abuse of discretion, Contract Servs. Network, Inc. v. Aubry, 62 F.3d 294, 297 (9th Cir.1995). To obtain a preliminary injunction, the moving party must demonstrate "either (1) a likelihood of success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the [movant's] favor." See Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985) (quoting Apple Computer, Inc v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984).
 
 
 4
 Prisoners have a constitutional right of meaningful access to the courts. See Lewis v. Casey, 116 S.Ct. 2174, 2179 (1995). To establish a violation of their right, prisoners must demonstrate "actual injury" in their attempt to challenge either their sentences or conditions of confinement. Id. at 2181-82. "Actual injury is some specific instance in which an inmate was actually denied access to the courts." See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir.1994) (internal quotations omitted), cert. denied, 116 S.Ct. 91 (1995).
 
 
 5
 On February 16, 1995, Thomas submitted approximately 150 documents to administrative assistant Ruboyianes for copying. Because Thomas included a shaving waiver which belonged to another inmate with those documents, Ruboyianes confiscated all of the documents and terminated Thomas's library access for that day. All of Thomas's documents, except for the shaving waiver, were returned to him the following day and he filed those documents in the district court on February 24, 1995. Thomas provided no evidence that he missed any filing deadlines, that he was unable to present a claim, or that he was prejudiced by Ruboyianes's actions. Because Thomas was unable to demonstrate actual injury as a result of the confiscation of his legal documents, he failed to show a likelihood of success on the merits. See id. at 796.
 
 
 6
 In addition, Thomas's contention that he will suffer irreparable harm because Lewis did not intervene to prevent disciplinary action from being taken against him for attempting to copy the altered shaving waiver is speculative and cannot support a claim for injunctive relief. See Goldie's Bookstore v. Superior Ct., 739 F.2d 466, 472 (9th Cir.1984) ("Speculative injury does not constitute irreparable injury."). Because Thomas failed to demonstrate either a likelihood of success on the merits or a possibility of irreparable harm, the district court did not abuse its discretion by denying his motion for preliminary injunction. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Thomas seeks to appeal the district court's denial of a temporary restraining order, it is not appealable. See Hunt v. National Broadcasting Co., 872 F.2d 298, 292 (9th Cir.1989) ("denial of a temporary restraining order is not generally appealable unless it effectively decides the merits of the case" (citations omitted)). Thus, we review only the denial of the preliminary injunction