**Jehan Zeb MIR, M.D., Plaintiff–Appellant,**

v.

**SOUTHERN CALIFORNIA INDUSTRY HEALTH AND WELFARE TRUST FUND, Defendant–Appellee,**

**Union Medical Clinic Health Plan; et al., Defendants.**

No. 00–57191.

D.C. No. CV–97–07858–JSL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Jehan Zeb Mir, M.D., appeals pro se the district court's order denying his motion for a default judgment against the Southern California Provision Industry Health and Welfare Trust Fund (the "Trust Fund") and sua sponte granting summary judgment for the Trust Fund. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, see Balint v. Carson City, Nev., 180 F.3d 1047, 1050 (9th Cir.1999) (en banc), and denial of a motion for default judgment for abuse of discretion, see Aldabe v. Aldabe, 616 F.2d 1089, 1092–93 (9th Cir.1980) (per curiam). We affirm.

Dr. Mir's claims for breach of contract and misrepresentation against the Trust Fund are preempted by the Employee Retirement Income Security Act, see Davidian v. So. Cal. Meat Cutters Union & Food Employees Benefit Fund, 859 F.2d 134, 135 (9th Cir.1988), as is his claim that the Trust Fund violated the Knox–Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code § 1371, see Hewlett–Packard Co. v. Barnes, 571 F.2d 502, 504 (9th Cir.1978) (per curiam). In addition, Dr. Mir's estoppel claim against the Trust Fund fails as a matter of law in the "face of contrary, written plan provisions." See Davidian, 859 F.2d at 135.

Because Dr. Mir's action is devoid of merit, the district court did not abuse its discretion in denying his motion for a default judgment. See Aldabe, 616 F.2d at 1092–93. For the same reason, we deny Dr. Mir's request pursuant to 29 U.S.C. § 1132(g)(1) for attorney's fees on appeal. See Hensley v. N.W. Permanente P.C. Ret. Plan & Trust, 258 F.3d 986, 1002–03 (9th Cir.2001).

We deny the Trust Fund's motion for attorney's fees on appeal pursuant to 29 U.S.C. § 1132(g)(2). See Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc., 795 F.2d 1501, 1508 (9th Cir. 1986) ("trust funds that successfully sue for unpaid contributions" shall be awarded attorney's fees under 29 U.S.C. § 1132(g)(2)). We deny the motion without prejudice to the Trust Fund filing a motion for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1), in accordance with Ninth Circuit Rule 39–1.6.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, we deny Dr. Mir's request for oral argument.

Dr. Mir's remaining contentions lack merit.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.