Daniel KESSLER, Plaintiff—Appellant,

v.

ADT SECURITY SERVICES, INC., Defendant—Appellee.

No. 01–15594.

D.C. No. CV–99–00814–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2002 *.

Decided Feb. 26, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, NOONAN and HAWKINS, Circuit Judges.

### MEMORANDUM **

Dan Kessler claims that he had ten years of continuous service, as required by ADT's ERISA regulated pension plan, to qualify for early retirement benefits. We agree, however, with the district court's

** This disposition is not appropriate for publication and may not be cited to or by the

conclusion that Kessler fell just short of the ten year mark.

■ As the district court recognized, calculation of Kessler's continuous service proceeds in three stages. First, we calculate Kessler's service prior to January 1, 1989 under the terms of the 1985 Plan. Second, we calculate Kessler's service after January 1, 1989 under the terms of the 1989 Plan. Then we add both periods of service together to arrive at the final period of continuous service for early retirement purposes.

Kessler is entitled to only one year of continuous service under the terms of the 1985 Plan. Article 2.9(b)(i) of the Plan sets out the relevant method for calculating continuous service:

> One year of Continuous Service shall be recorded for any Plan Year during which an Employee had 1,000 or more Hours of Service, except the Plan Year in which an Employee is first employed or is re-employed following a Break in Service.

Article 2.9(c) of the 1985 Plan then sets forth the standard for figuring out when Kessler's continuous service actually started:

> Continuous Service in respect of any person, who, on or after January 1, 1976, becomes an Employee by transfer of his employment from an Affiliated Company shall include the period of his continuous employment with the Affiliated Company which has not adopted the Plan on or after the later of January 1, 1976 or the date on which such Affiliated Company was established or acquired ....

The July 23, 1987 acquisition of Crime Control by EPC is the operative date for Article 2.9(c) purposes; it was the first

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

time a company for which Kessler worked was affiliated with Hawley—the parent corporation of both EPC and (one week later) ADT.[1] Under Section 2.9(b)(i) of the 1985 Plan, then, Kessler is entitled to no continuous service for the 1987 year because that was the year he was first employed. Assuming he worked at least 1,000 hours in 1988, Kessler is entitled to one year of service for the 1988 year.

Calculating Kessler's service under the 1989 Plan is more simple. Article 2.15(b) provides that, in Kessler's case, his period of continuous service is measured as the time from January 1, 1989 to his severance from service date, September 12, 1997. That period is eight years, nine months, and twelve days. Adding the one year of service under the 1985 Plan to this amount of time, we arrive (as the district court did) at the conclusion that Kessler is approximately three months short of being eligible to receive early retirement benefits.

■ The conclusion that Kessler was not entitled to early retirement benefits under the terms of the plan(s) also means that Kessler cannot recover on an equitable estoppel theory either. Normally, the doctrine of equitable estoppel is available to an ERISA plaintiff, assuming he or she can meet a six-pronged test. *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821–22 (9th Cir.1992); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir.1996). However, Circuit precedent states that an equitable estoppel argument is not available to an ERISA plaintiff where the ERISA plan at issue is a trust fund, and recovery would contradict the written terms of the plan. *Greany*, 973 F.2d at 822 ("Our precedent dictates

that a trust fund can never be equitably estopped where payment would conflict with the written agreement."); *Davidian v. S. Cal. Meat Cutters Union and Food Employees Benefit Fund*, 859 F.2d 134, 136 (9th Cir.1988) (explaining that recovery from a common trust fund, as opposed to individual trustees or administrators, cannot be had on an equitable estoppel theory). Because ADT pays pension benefits out of a trust fund, and because we concluded that the terms of the written plan would bar payment of early retirement benefits, Kessler's equitable estoppel argument cannot succeed.

Accordingly, the judgment of the district court is AFFIRMED.

---

1. Indeed, ADT's own documents state that the date of hire by EPC is the continuous service start date.

