Jim **YOUNKIN**, Plaintiff–Appellee,

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA,** Defendant–Appellant,

and

**Washington Corporations, a Montana company, Defendant.**

No. 07–35357.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2008.

Filed July 23, 2008.

Erik B. Thueson, Esq., Thueson Law Office, Helena, MT, James T. Towe, Esq., Towe Law Offices, Missoula, MT, for Plaintiff–Appellee.

Charles E. Hansberry, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendant–Appellant.

Mikel L. Moore, Esq., Christensen, Moore, Cockrell, Cummings & Axelberg, P.C., Kalispell, MT, for Defendant.

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SEABRIGHT [*], District Judge.

## MEMORANDUM [**]

Prudential Insurance Company of America ("Prudential") appeals the district court's grant of summary judgment in favor of Jim Younkin in Younkin's suit for benefits and penalties under the Employee Retirement Income Security Act of 1974 ("ERISA"). Prudential also appeals a portion of the district court's order awarding Younkin attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

The district court erred by holding that Prudential was liable for penalties

[*] The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under 29 U.S.C. § 1132(c). We have held that only a "plan administrator" can be liable for penalties under that section. *See Sgro v. Danone Waters of N. Am., Inc.,* 532 F.3d 940, 944–46 (9th Cir.2008); *Moran v. Aetna Life Ins. Co.,* 872 F.2d 296, 299–300 (9th Cir.1989). Here, the ERISA plan at issue named Washington Corporations—not Prudential—as the "plan administrator." The fact that Prudential makes benefit determinations does not change this analysis. *Sgro,* 532 F.3d at 945–46. Accordingly, we reverse the district court's grant of summary judgment in Younkin's favor as to this issue and vacate the district court's order requiring Prudential to pay penalties under 29 U.S.C. § 1132(c).

■ We affirm the district court's award of attorneys' fees. Younkin's successful claim for ERISA benefits was not "distinct in all respects" from his unsuccessful claim for penalties, such that the district court should have excluded the time spent on the penalties claim when determining the award of attorneys' fees. *See Hensley v. Eckerhart,* 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (holding that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee"). Both of Younkin's claims arose from the same core set of facts—Prudential's August 1, 2002 amendment of the ERISA plan and Prudential's subsequent interpretation of that amendment. Additionally, some of the work performed in connection with Younkin's penalties claim likely aided the work done on his benefits claim because Younkin was unable to assert his benefits claim until he obtained the 2002 version of the ERISA plan. Accordingly, we affirm the district court's award of attorneys' fees. *See Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 903 (9th Cir.1995) stating that the pertinent question in determining whether claims are related for purposes of recovering attorneys' fees under *Hensley* is whether the "[unsuccessful claim] arises from the same core of facts as the [successful claim] and [whether] it is likely that some of the work performed in connection with the [unsuccessful claim] also aided the work done on the merits of the [successful claim]" (brackets in original).

Each party to bear its own costs.

AFFIRMED in part; REVERSED in part.