**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DYEL O. TALBOT, a married woman,

Plaintiff-Appellant,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY;
PAYMENTECH MANAGEMENT
RESOURCES, INC.,

Defendants-Appellees.

No.    18-15375

D.C. No. 2:14-cv-00231-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted November 15, 2019
San Francisco, California

Before: WARDLAW, W. FLETCHER, and LINN,[**] Circuit Judges.

In 1996, Paymentech Resources ("PMR") established the Paymentech

Welfare Benefit Plan ("Plan"). The Plan included long-term disability ("LTD")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard Linn, United States Circuit Judge for the U.S.
Court of Appeals for the Federal Circuit, sitting by designation.

benefits, which PMR funded through an LTD Policy purchased from Reliance Standard Life Insurance Company ("RSLIC"). RSLIC had complete and final discretion to determine benefits eligibility under the LTD Policy.

In 2008, PMR terminated the Plan and Policy, and PMR ceased to exist as an entity by December 31, 2010. RSLIC's payments of LTD benefits remained unaffected. Plaintiff-Appellant Dyel Talbot began working for PMR in 2006 and was injured in October 2007. Talbot never returned to PMR and submitted a claim for LTD benefits. Although RSLIC initially approved Talbot's claim, it terminated her benefits in May 2013.

Talbot appeals the district court's orders granting RSLIC's motions to dismiss and denying Talbot's motions for summary judgment. Talbot claims that under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, (1) RSLIC wrongfully terminated her LTD benefits, (2) either RSLIC or PMR was the Plan Administrator with a duty to provide her plan documents, and (3) the district court erred in dismissing disgorgement of profits as an available equitable remedy. We affirm the district court on all three issues.

First, RSLIC did not abuse its discretion by denying Talbot's benefits. *See* 29 U.S.C. § 1132(a)(1)(B); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). A participant was entitled to LTD benefits under the Plan if

2

she was "totally disabled," meaning that she could not "perform the material duties of any occupation." While receiving LTD benefits, Talbot underwent three Independent Medical Examinations ("IMEs"), each of which concluded that Talbot was capable of full-time sedentary work with minor adjustments. All three IMEs also found inconsistencies between Talbot's self-reported symptoms and the objective medical evidence. Even considering RSLIC's conflict of interest as a factor, see *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 630 (9th Cir. 2009), we cannot say that RSLIC's decision was "illogical," "implausible," or "without support" from the record, *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011).

We also decline to hold RSLIC or PMR liable for failing to furnish plan documents as the Plan Administrator. *See* 29 U.S.C. §§ 1132(c)(1), 1024(b)(4). First, RSLIC is not liable because the Plan specifically designated PMR as the Plan Administrator, *see* 29 U.S.C. § 1002(16)(A), and PMR admits it was the Plan Administrator. Second, this court has long rejected Talbot's theory that RSLIC can be deemed a de facto administrator. *See Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299–300 (9th Cir. 1989); *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008). Third, when Talbot requested Plan documents in 2013, PMR had been defunct for nearly three years, and the Plan had been terminated for

3

five years. Section 1132(c)(1) grants us broad discretion to impose damages, and explicitly excuses a Plan Administrator whose "failure or refusal results from matters reasonably beyond the control of the administrator." Although PMR was the designated Plan Administrator, the three-year non-existence of the Plan Administrator to a five-year defunct Plan reasonably excuses PMR from liability.

Finally, we hold that Talbot is not entitled to equitable relief under 29 U.S.C. § 1132(a)(3). The district court granted RSLIC's motion to dismiss on the ground that Talbot's alleged harm could instead be remedied under § 1132(a)(1)(B). *Talbot v. Reliance Standard Life Ins. Co.*, 2015 WL 4134548, at *16 (D. Ariz. June 18, 2015). A year after the district court's order, we clarified that a plaintiff at the pleading stage may seek § 1132(a)(1)(B) and § 1132(a)(3) claims in the alternative. *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 959–62 (9th Cir. 2016). However, we may affirm the district court on any ground supported by the record. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Alternate grounds are available here: RSLIC did not wrongfully deny benefits, so there is no injury to equitably address under § 1132(a)(3).

**AFFIRMED.**